1  **QUARLES & BRADY LLP**
   Amy Levine Heiserman (SBN 299934)
2  *Amy.Heiserman@quarles.com*
   One Renaissance Square, Sixth Floor
3  Two North Central Avenue
   Phoenix, AZ  85004-2391
4  Telephone: 602-229-5533

5  Ankineh Zadoorian (SBN 295971)
   *Ankineh.Zadoorian@quarles.com*
6  2629 Foothill Blvd., #440
   La Crescenta, CA  91214
7  Telephone: 608-283-2684

8  Patrick S. Nolan (PHV Admitted)
   *Patrick.nolan@quarles.com*
9  411 East Wisconsin Avenue, Ste. 2400
   Milwaukee, WI 53202
10 Telephone: 414-277-5465

11 *Attorneys for Defendant Zimmer, Inc. (erroneously*
   *named as Zimmer, Inc. doing business in*
12 *California as Zimmer Biomet Corporate Services,*
   *a California corporation)*

13

14               UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16 | RONNEE CHARLENE RATHKEY, | Case No. 8:21-cv-01622-JVS-DFM |

17 | Plaintiff, | Complaint filed:  April 1, 2021 |

18 | v. | **PROTECTIVE ORDER** |

19 | ZIMMER, INC. doing business in |
20 | California as ZIMMER BIOMET CORPORATE SERVICES, a California |
21 | corporation and DOES 1 to 100, |

22 | Defendants. |

23      **IT IS HEREBY STIPULATED** by and between Plaintiff, Ronnee Charlene

24 Rathkey ("Plaintiff") and Defendant, Zimmer, Inc. erroneously sued as Zimmer, Inc. doing

25 business in California as Zimmer Biomet Corporate Services ("Defendant" or "Zimmer"),

26

27 as follows:

28

                              1

**WHEREAS**, pursuant to the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to trade secrets or other confidential research, development, or commercial information are deemed confidential.

**THEREFORE**, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

1.     This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.

2.     Any party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "**CONFIDENTIAL**" or "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**" If a producing party believes in good faith that a document contains highly confidential information the disclosure of which to competitors would cause a party serious competitive and commercial harm, the party may designate a document "**CONFIDENTIAL – ATTORNEY EYES ONLY.**" The parties agree that this designation shall be used sparingly and that it can be challenged pursuant to the process outlined in subpart (a) below. If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential."

a.  If either party objects to the designation of a document as "Confidential" or "Confidential – Attorney Eyes Only," they shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action. If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion, which must be filed within forth five (45) days. If no motion is filed within forty five (45) days, the challenge to the objection of confidentiality is waived.

b.  During the time that documents designated as "Confidential" or "Confidential – Attorney Eyes Only" are disclosed in a deposition, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" or "Confidential – Attorney Eyes Only" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" or "Confidential – Attorney Eyes Only" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection of confidentiality is waived. A party may challenge the objection of confidentiality by motion, which must be filed within forty five (45) days of receipt of deposition transcript. If no motion is filed within forty five (45) days, the challenge to the objection of confidentiality is waived. All persons

shall treat as "Confidential" or "Confidential – Attorney Eyes Only" the portion of the transcript containing an objection of confidentiality unless and until the Court has overruled the objection by the above-described motion procedure.

c.  The inadvertent disclosure of a document that could properly be designated as "Confidential" or "Confidential – Attorney Eyes Only" shall be without prejudice to the producing person. The producing party shall have a thirty (30) day period from the date of production to designate such documents and information as "Confidential" or "Confidential – Attorney Eyes Only."

d.  The parties have agreed that inadvertent disclosure subject to the attorney-client privilege or work product doctrine (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product doctrine if a request for return of such documents or information is made within ten (10) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney- client privilege or work product doctrine within ten (10) business days of the written notice from the producing person.

3.  Any documents, discovery responses, testimony, materials or information designated or marked "Confidential- Attorney Eyes Only" may only be disclosed to persons described in subparts (a) and (c) below. Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the

receiving party only to the following persons; receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein:

    a.   The **attorneys of record** for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

    b.   **Independent experts and consultants** and their employees. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by singing a copy of the attached "Certification;"

    c.   **The Court, Court personnel and Court reporters**;

    d.   The **parties**, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation; and

    e.   Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such persons (excluding subpart (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

5

4.       The parties shall refer to the procedure set forth in this Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases, which is located on the Court's website.

5.       All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential – Attorney Eyes Only" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.

6.       Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential."

7.       This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry or this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential – Attorney Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

8.       Within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" or "Confidential – Attorney Eyes Only" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them. This Paragraph will not prevent the

party returning the "Confidential" or "Confidential – Attorney Eyes Only" materials from redacting information on copies of the "Confidential" or "Confidential – Attorney Eyes Only" materials which in the good faith judgment of counsel constitutes work product.

9.     If at any time any party having possession, custody, or control of "Confidential" or "Confidential – Attorney Eyes Only" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" or "Confidential – Attorney Eyes Only" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" or "Confidential - Attorney Eyes Only" material, whichever is earlier.

10.    Except pursuant to prior order of the Court after a request for the release of "Confidential" or "Confidential – Attorney Eyes Only" documents under this Order, "Confidential" and "Confidential – Attorney Eyes Only" documents may not be disclosed.

11.    The fact that information or documents have been designated "Confidential" or "Confidential – Attorney Eyes Only" shall in no way prejudice the right of any party to contest the confidential nature of any documents or information, at the time of trial or otherwise.

Dated this 14th day of January, 2022.

  /s/ Stephen B. Mashney
Stephen B. Mashney, Esq.
Mashney Law
335 N. Brookhurst St.

Dated this 19th day of January, 2022.

/s/Amy Levine Heiserman
Amy Levine Heiserman (SBN 299934)
*Amy.Heiserman@quarles.com*

7

1

Anaheim, CA 92801
714-535-5090

2

stephen@mashneylaw.com
chung@mashneylaw.com

3

lit@mashneylaw.com

4

*Attorney for Plaintiff*

5

One Renaissance Square, Sixth Floor
Two North Central Avenue
Phoenix, AZ  85004-2391
Telephone: 602-229-5533

Ankineh Zadoorian (SBN 295971)
*Ankineh.Zadoorian@quarles.com*
2629 Foothill Blvd., #440
La Crescenta, CA  91214
Telephone: 608-283-2684

Patrick S. Nolan (PHV Admitted)
*Patrick.nolan@quarles.com*
411 East Wisconsin Avenue, Ste. 2400
Milwaukee, WI 53202
Telephone: 414-277-5465

*Attorneys for Defendant Zimmer, Inc.,*
*(erroneously named as Zimmer, Inc. doing*
*business in California as Zimmer Biomet*
*Corporate Services, a California*
*corporation)*

6

7

8

9

10

11

12

13

IT IS SO ORDERED.

14

DATED: January 21, 2022

15

16

Douglas F. McCormick
United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

8

1  **QUARLES & BRADY LLP**
   Amy Levine Heiserman (SBN 299934)
2  *Amy.Heiserman@quarles.com*
   One Renaissance Square, Sixth Floor
3  Two North Central Avenue
   Phoenix, AZ  85004-2391
4  Telephone: 602-229-5533

5  Ankineh Zadoorian (SBN 295971)
   *Ankineh.Zadoorian@quarles.com*
6  2629 Foothill Blvd., #440
   La Crescenta, CA  91214
7  Telephone: 608-283-2684

8  Patrick S. Nolan (PHV Admitted)
   *Patrick.nolan@quarles.com*
9  411 East Wisconsin Avenue, Ste. 2400
   Milwaukee, WI 53202
10 Telephone: 414-277-5465

11 *Attorneys for Defendant Zimmer, Inc. (erroneously*
   *named as Zimmer, Inc. doing business in*
12 *California as Zimmer Biomet Corporate Services,*
   *a California corporation)*

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16 | RONNEE CHARLENE RATHKEY, | Case No. 8:21-cv-01622-JVS-DFM |

17 | Plaintiff, | Complaint filed:  April 1, 2021 |

18 | v. | **CERTIFICATION** |

19 | ZIMMER, INC. doing business in | |
20 | California as ZIMMER BIOMET | |
   | CORPORATE SERVICES, a California | |
21 | corporation and DOES 1 to 100, | |

22 | Defendants. | |

23     The undersigned hereby acknowledges that he/she has read the Protective Order dated

24 _____ in the above-captioned action and attached hereto, understands the terms

25

26 thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of

27 the United States District Court for the Central District of California, in matters relating to

28

the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____  _____
                   Signature